**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARCEL WHITE,

    Plaintiff,

v.                                     CASE NO.: 3:14-cv-552-J-32JBT

CITY OF JACKSONVILLE,

    Defendant.
_____/

**DEFENDANT CITY OF JACKSONVILLE'S ANSWER AND
AFFIRMATIVE DEFENSES**

Defendant City of Jacksonville (the "City") hereby files its Answer and Affirmative Defenses to the Complaint in this Action.

**ANSWER**

1.    The City admits that Plaintiff is African American, holds the rank of firefighter in the Jacksonville Fire and Rescue Department ("JFRD"), and is currently assigned to the Fire Prevention Division of JFRD. The City further admits that Plaintiff is attempting to file claims of race discrimination, retaliation, and hostile work environment. Otherwise denied.

2.    Admitted.

3.    The City admits that the Complaint identifies the City as the Defendant in this case.

4.    The City admits that Plaintiff is one of the individual plaintiffs in *Smith et al. v. City of Jacksonville et al.*, 3:11-cv-345-J-32MCR (M.D. Fla. 2011), and further admits that Plaintiff filed a prior EEOC charge alleging discrimination in promotion to the rank of Engineer. The record in *Smith v. City* speaks for itself. Otherwise denied.

5. The City admits that Plaintiff was assigned to the Fire Prevention Division of JFRD from August 2002 until June 2012, at which time he was temporarily reassigned to the Suppression Division, where he continued until January 2013, at which time he was reassigned to the Prevention Division. Otherwise denied.

6. The City admits that JFRD's Fire Marshal is also the Division Chief for the Fire Prevention Division and has the authority set out in the City's Code of Ordinances and JFRD's rules, regulations, and procedures, which speak for themselves. Otherwise denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. The City admits that Plaintiff was assigned to the position of Fire Inspector from August 2002 through June 2012, at which time he was temporarily assigned to the Suppression (or Operations) Division, where he continued until January 2013, when he was reassigned to the Prevention Division. Otherwise denied.

12. The City admits that in 2012 Kevin Jones held the rank of Captain in JFRD's Fire Prevention Division, became Plaintiff's supervisor in March 2012, and issued a rule infraction charge against Plaintiff in May 2012. The City is without knowledge as to what is meant by "Officer in Charge" and therefore denies the allegation. Otherwise denied.

13. The City admits that Plaintiff was temporarily assigned to a position other than that of Fire Inspector during the State Fire Marshal's investigation of Plaintiff's conduct, but denies that the assignment occurred on April 10, 2012. The City admits that Captain Jones issued a rule infraction charge against Plaintiff, and that document speaks for itself. Otherwise denied.

14. Admitted.

15. Without knowledge as to the time and content of communications between the State Fire Marshal and Plaintiff, and therefore denied.

16. The City admits that the State Fire Marshal completed its investigation by November 2012. Otherwise denied.

17. Denied.

18. Denied.

19. Without knowledge as to any communications between the Union president and Plaintiff, and therefore denied. Otherwise denied.

20. Denied.

21. Denied.

22. The City admits that Captain Kevin Jones is African American and has been appointed to the position of JFRD Chief of Fire Prevention/Fire Marshal. Otherwise denied.

23. The City admits that an investigation took place, and the record of that investigation speaks for itself. Otherwise denied. The City further denies any implication that the alleged investigation has any import with respect to Plaintiff's lawsuit.

24. The City admits that one complaint was made within JFRD. The media record speaks for itself. Otherwise denied.

25. The City is without knowledge as to any right-to-sue letter issued to Plaintiff by the EEOC, and such letter has not been attached to the Complaint. Accordingly, the City denies the allegation.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## JURISDICTIONAL STATEMENT

31. The City admits that the Court has jurisdiction over Plaintiff's Title VII claims. Otherwise denied.

32. Without knowledge and therefore denied.

## COUNT I

33. The City incorporates the answers in paragraphs 1-32, as if fully rewritten herein.

34. Denied.

## COUNT II

35. The City incorporates the answers in paragraphs 1-32, as if fully rewritten herein.

36. Denied.

The City denies that Plaintiff is entitled to any relief claimed.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to comply with all conditions precedent to bringing this action. To date, the City has not received any document establishing that the relevant EEOC charge has been closed and that a notice of rights or a right-to-sue letter has been issued by the relevant agency. The City requested the relevant file from the EEOC the day after the Complaint was served. As of the date of this Answer, the City has not received the file.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable limitation periods.

### Third Affirmative Defense

The Complaint does not state a claim upon which relief may be granted under Title VII of the Civil Rights Act, or under the Florida Civil Rights Act.

### Fourth Affirmative Defense

Damages are limited by the terms of Title VII of the Civil Rights Act and the sovereign immunity limits of Chapter 768, Florida Statutes.

### Fifth Affirmative Defense

Even if Plaintiff could prove a violation under 42 U.S.C. 2000e (and the City expressly denies such is the case), the City would have taken the same action and made the same decisions in the absence of the impermissible motivating factor.

### Sixth Affirmative Defense

Plaintiff has not complied with the requirements for filing claims under Florida state laws, and therefore cannot claim violations of Florida state law.

### Seventh Affirmative Defense

Plaintiff has failed to mitigate his damages with reasonable diligence.

### Eighth Affirmative Defense

Plaintiff is not entitled to any relief under Title VII of the Civil Rights Act of 1964, as amended, for any alleged conduct occurring more than 300 days before the filing of the charge of discrimination.

### Ninth Affirmative Defense

Plaintiff is not entitled to any relief for, and his claims are barred by, any alleged acts or omissions that exceed the scope of the charges filed with EEOC.

**Tenth Affirmative Defense**

The City had legitimate, non-discriminatory, and non-retaliatory reasons for all employment actions taken with respect to Plaintiff.

**Eleventh Affirmative Defense**

Plaintiff cannot establish a claim of retaliation, as there is no causal connection between any alleged protected activity and the alleged adverse employment action.

**Twelfth Affirmative Defense**

Plaintiff has not exhausted the administrative process prior to filing a claim of hostile work environment. Specifically, Plaintiff did not file an EEOC charge claiming hostile work environment.

**Thirteenth Affirmative Defense**

Plaintiff cannot establish a claim of hostile work environment, because he has failed to allege that he was subject to harassment, that the harassment was based on a protected characteristic, and that the harassment was sufficiently severe or pervasive to alter the terms or conditions of employment and create a discriminatorily abusive working environment.

**Fourteenth Affirmative Defense**

Plaintiff has not exhausted the administrative process prior to filing a claim of race discrimination. Specifically, Plaintiff did not file an EEOC charge claiming race discrimination.

**Fifteenth Administrative Defense**

Plaintiff has not established a claim of race discrimination, as he has failed to even allege that the City treated similarly situated employees outside the class more favorably. Depending on the conduct targeted (and the City has difficulty identifying the specific conduct that is subject to

the race discrimination claim), Plaintiff has also failed to establish that he was qualified to do the job and that he was subjected to an adverse employment action.

### Sixteenth Affirmative Defense

Any claim contained in Plaintiff's Complaint which is not set forth in Plaintiff's operative EEOC charge has not been administratively exhausted, and therefore may not be legally pursued through this action, nor may it be the basis for obtaining relief in this case.

### Seventeenth Affirmative Defense

Some or all claims stated by Plaintiff are precluded by *NAACP et al. v. City of Jacksonville*, 3:13-cv-161-J-32MCR.

The City reserves the right to amend its Answer and to raise and assert any further claims and defenses as may become available or apparent during discovery or other proceedings in this action.

Respectfully submitted,

*/s/ Adina Teodorescu*
**ADINA TEODORESCU**
**ASSISTANT GENERAL COUNSEL**
Florida Bar No.: 784761
**SEAN B. GRANAT**
**ASSISTANT GENERAL COUNSEL**
Florida Bar No.: 138411
117 West Duval Street, Suite 480
Telephone: (904) 630-1700
Facsimile: (904) 630-1316
Teodores@coj.net
SGranat@coj.net
Attorneys for Defendant, City of Jacksonville

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 29, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will automatically send a notice of electronic filing to all counsel of record. I further certify that I served the foregoing document and the notice of electronic filing by mail to the following non- CM/ECF participants: Marcel White, 6042 Ribault Road, Jacksonville, FL 32209, Plaintiff, appearing *pro se*.

*/s/ Adina Teodorescu*
Attorney for Defendant